IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM<br>TO CHRIS LONG | Case No.: _____ |

### CHRIS LONG'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER FOR PERSONAL TEXT MESSAGES, EMAIL, FACEBOOK AND TWITTER RECORDS

Chris Long ("Long" or "Petitioner"), by his undersigned counsel, moves pursuant to Fed. R. Civ. P. 45(d)(3) for an order quashing a subpoena dated August 21, 2019 seeking his personal text messages, emails, Facebook and Twitter records (the "Subpoena"), and moves pursuant to Fed. R. Civ. P. 26(c) for a protective order protecting his records, or alternatively for the subject subpoena to be modified pursuant to Fed. R. Civ. P. 45(d)(3).[1] In support hereof, Long states as follows:

### Background

1.  Long was served with the Subpoena in connection with a civil action currently pending in the United States District Court for the District of Maryland, captioned: *Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et al.*, (Civil Action No. 8:18-cv-03821 TDC) (the "Underlying Action"). Plaintiffs in the Underlying Action (fifteen current and former Prince George's County police officers, and two organizations purporting to represent Prince George's County police officers) served the Subpoena. Defendants in the Underlying Action are Prince George's County and several individual officers.

---

[1]   A copy of the Subpoena is attached as **Exhibit 1** hereto.

2. The Underlying Action is an employment discrimination matter in which the Plaintiffs (Respondents in this proceeding) have asserted claims for racial discrimination and retaliation under the First and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964.

3. Long is *not* a party to the Underlying Action. He is a sworn police officer holding the rank of Corporal in the Prince George's County Police Department.

4. The Subpoena served on Long seeks "[a]ll text messages, emails, posts, tweets, or any other documents that use derogatory language to refer to racial minorities, any PGPD officers, or any Prince George's County residents. Also, produce all Facebook posts to the Facebook page PGPD Real Talk (including posts that have been deleted or taken down)." (**Ex. 1.**)

5. Long's name is not mentioned once in the Amended Complaint. See ECF 54, Am. Compl.[2]

6. With no allegations against him, Long surmises that Respondents' submitted this subpoena to Long as he is the administrator of the Facebook group "PGPD Real Talk." This group was created in January 2018, is private, and consists entirely of current and former Prince George's County Police Department officers as vetted and granted access solely by Long.

7. The group "PGPD Real Talk" is also not mentioned in the Amended Complaint. Therefore, there is no indication as to why Respondents believe this Facebook group has information relevant to the Underlying Action. Further, at least six (6) of the named Plaintiffs (Respondents in this matter), are members of this Facebook group. All relevant posts, if any, are therefore as readily accessible to them as they are to Long. As well, it is believed that a subpoena was already served on Facebook requesting the same exact information, i.e. all Facebook posts

---

[2] ECF citations refer to the docket in the Underlying Action.

1

made in this group, including posts that have been deleted or taken down. If that is the case, the subpoena to Long is moot and no further discussion is required.

8. As addressed below, the Subpoena's request should be quashed, or in the alternative, a Protective Order issued, or the Subpoena's scope modified. The Subpoena seeks information which Plaintiffs' have no reason to believe exists, requests Long to search for such messages and documents for an unspecified period of time, is not proportional to the needs of the case, and is overbroad. Moreover, Long asserts it was issued for the improper purpose of harassing and invading his privacy.

## Applicable Law[3]

9. Fed. R. Civ. Pro. 45(d)(3)(A) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Further, because the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. Pro. 26, a subpoena may also be quashed for failing to comply with Rule 26. See Coleman v. District of Columbia, 275 F.R.D. 33, 36–37 (D.D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure"); Cook v. Howard, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

10. In addition to moving to quash, a person served with a subpoena may move for a protective order under Fed. R. Civ. Pro. 26(c), and "under Rule 26(c), a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

---

[3] Unless stated otherwise, internal citations and quotations are omitted.

undue burden or expense upon a showing of good cause." W. Bay One, Inc. v. Does 1-1,653, 270 F.R.D. 13, 14 (D.D.C. 2010). Whether a discovery request is oppressive or imposes an undue burden is determined by balancing the party's need for the discovery against the potential hardship to the subject of the subpoena. Id. In determining whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.

## Argument

I. **Long has Standing to File a Motion to Quash**

11. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 239 (E.D. Va. 2012).

12. In this instance, Respondents request access to Long's <u>personal</u> text messages, emails, Facebook and Twitter records, as well as the records from the Facebook Group "PGPD Real Talk." Knowing full well that they cannot subpoena Long's telephone carrier or email provider for the contents of text messages and emails due to the Stored Communications Act,[4] Respondents seek to sidestep the Act and instead put the onus on Long to sort through years' worth of text messages

---

[4] The Stored Communications Act ("SCA"), located at 18 U.S.C. § 2701 et seq. See In re Subpoena Duces Tecum to AOL, LLC, 550 F.Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.").

3

and emails in the hope that something currently unknown to them will appear. The request therefore amounts to the digital equivalent of looking for a needle in a haystack.

13. While the determination of whether an individual possesses a right to privacy with regard to digital communications remains unresolved,[5] Long maintains a right to privacy nonetheless exists as the text messages and emails Respondents seek were "never intended to have [been] shared with the general public." Singletary, 289 F.R.D. at 237.

14. As Long's personal communications were not intended for public dissemination, he therefore asserts a privacy interest exists which in turn allows him to file this Motion to Quash.

## II. The Subpoena is Overbroad and Seeks Irrelevant Information.

15. The Subpoena should be quashed because it is immensely overbroad and not reasonably calculated or limited to obtain potentially relevant information. The Subpoena is nothing short of a fishing expedition intended to harass and annoy Long, a non-party, through the invasion of his privacy through his personal phone, email, and social media accounts.

16. Federal Rule of Civil Procedure 45(c)(3) requires the Court to quash a subpoena that "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3). "This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case. Moreover, '[a] subpoena imposes an undue burden on a party when [it] is overbroad.' Singletary, 289 F.R.D. at 241 (citing In re Subpoena Duces Tecum to AOL., 550 F.Supp.2d 606, 612 (E.D. Va. 2008)).

17. A subpoena is overbroad if it is not reasonably limited or tailored to the pleaded claims

---

[5] City of Ontario v. Quon, 130 S.Ct. 2619, 2629 (2010).

or defenses. Sirpal v. Fengrong Wang, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *5 (D. Md. July 12, 2012). "For example, a request for 'all copies of e-mails sent or received by anyone with no limitation as to time or scope' is usually overbroad." Id.

18. Here, Respondents' request is clearly overbroad as it commands Long to go through *all* text messages, emails, Facebook Posts, and Tweets that *he has ever sent or received* (as no time period is provided), and "does not limit the [requested records] to [those containing] subject matter relevant" to the underlying action. In re Subpoena Duces Tecum to AOL, 550 F. Supp. 2d at 612 (quashing subpoena for being overbroad). There is no subject-matter limitation at all contained in the Subpoena beyond a reference to "derogatory language," which arguably is a broad term which requires definition itself. See Arndt v. Ford Motor Co., No. 2:15-CV-11108, 2016 WL 1161444, at *4 (E.D. Mich. Mar. 24, 2016) (quashing phone records request to Verizon Wireless for "all" phone numbers and text messages as overbroad and "not proportional to the needs of [that] case"; future subpoena could only seek text messages exchanged between Plaintiff and his supervisor for a limited time period).

19. Further, as stated previously, Respondents already have access to all messages posted in the "PGPD Real Talk" Facebook Group, and it is believed have already sent a subpoena to Facebook itself for this information. There is simply no need to invade Long's privacy. See Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive...."); see also Sirpal, 2012 WL 2880565 at *6 (quashing subpoena for phone records because no "substantial need" for dismissed party's phone records where Sirpal's phone records were sufficient for remaining claims); HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305,

5

308 (D.S.C. 2013) (quashing subpoena for documents from non-parties where same information was in Defendant's possession).

20. Respondents' request which contains an extremely broad subject-matter and no timeframe for which to consider is facially demonstrative of an intent to annoy and harass Long. See Sharp v. Baltimore City Police Dep't, No. CIV. CCB-11-2888, 2013 WL 937903, at *3 (D. Md. Mar. 1, 2013) (quashing subpoena for phone records where the "defendants seem engaged in an attempt to uncover 'dirt' on the plaintiff, rather than truly to investigate the facts relevant to the May 2010 incident."). It can only be believed that Respondents, in issuing this subpoena, hope that Long will conduct their discovery for them and unearth a triable event which they have no reason to believe exists.

### III. The Court Should Enter a Protective Order for Long's Text Messages, Emails, Facebook, and Twitter Records.

21. This Court should also enter a protective order pursuant to Federal Rule of Civil Procedure 26 for Long's text messages, emails, Facebook and Twitter records, prohibiting Respondents from seeking them in the future. Without restating the prior arguments, it is apparent that the subpoena is overbroad and requests irrelevant information. Therefore there is good cause to protect Long's personal records, as well as protect Long from further harassment in the future. With no reason to believe Long's text messages, emails, Facebook, or Twitter accounts contain any information relevant to the Underlying Action, Respondents should be prevented from inquiring into Long's personal life when the matters they are interested in pertain solely to the Prince George's County Police Department. Additionally, Respondents have provided no reason as to why Long should go through the process of finding every message ever posted to the "PGPD Real Talk" Facebook group, or why Long is the only source for the information they believe exists, recognizing that six (6) or more Plaintiffs are members of said group.

22. As stated by United States Magistrate Judge Charles Day in his Memorandum Opinion regarding prior subpoenas issued by Respondents in the Underlying Action, Respondents here want Long to provide random communications "to make inferential leaps to support the claims of conspiratorial acts." See In re Subpoena Duces Tecum to Verizon Wireless, et al., (Civil Action No. 8:19-cv-01744 TDC; ECF 13 at 12). Moreover, the subject subpoena only serves to "[expand] investigations [with] the details of unknown...conversations and activities," and to disclose "stray communications which can only increase the expense and burdens of the litigation." Id. Such an overbroad request must be narrowed to what may actually be relevant to the Underlying Action, and refrain from requesting Long to engage in an arduous task for information that, if it even exists, would have nominal, if any, significance.

## Conclusion

WHEREFORE, for all of the foregoing reasons, Long respectfully requests that the Court quash the Subpoena and enter a Protective Order for his personal records.

Dated: September 20, 2019

Respectfully submitted,

_____
Patrick J. McAndrew, Esq. [Bar No. 13434 (MD)]
Law Offices of Patrick J. McAndrew, LLC
6305 Ivy Lane
Suite 408
Greenbelt, MD 20770
Tel.: (301) 220-3111
Fax: (301) 220-3843
pmcandrew@mzmlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September 2019, a copy of the foregoing non-party Chris Long's Motion to Quash Subpoena and Motion for Protective Order for Personal Text Messages, Email, Facebook and Twitter Records was served via First Class Mail, postage pre-paid on:

Dennis A Corkery
Washington Lawyers Cmte for Civil Rights and Urban Affairs
11 Dupont Cir NW Ste. 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
dennis_corkery@washlaw.org

Deborah A Jeon
American Civil Liberties Union of Maryland Foundation
3600 Clipper Mill Rd Ste. 350
Baltimore, MD 21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

John Arak Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@arnoldporter.com

_____
Patrick J. McAndrew